IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DRU ALLEN EWING,                           §
          PETITIONER,                §
                                    §
v.                                         § CIVIL ACTION NO. 4:06-CV-0690-Y
                                    §
NATHANIEL QUARTERMAN, DIRECTOR,            §
TEXAS DEPARTMENT OF CRIMINAL               §
JUSTICE, INSTITUTIONAL DIVISION,           §
          RESPONDENT.                §

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER

      This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United

States District Court for the Northern District of Texas. The Findings, Conclusions and

Recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS

A.     NATURE OF THE CASE

      This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

B.     PARTIES

      Petitioner Dru Allen Ewing is in the custody of the Texas Department of Criminal Justice,

Institutional Division (TDCJ-ID), TDCJ-ID #1200787, and is presently incarcerated in the French

Robertson Unit in Abilene, Texas.

      Respondent Quarterman is the Director of the Texas Department of Criminal Justice,

Institutional Division.

C.      PROCEDURAL HISTORY

Ewing was indicted May 29, 2003, in Cause 12,227 in the 29th Judicial District Court of Palo Pinto County for delivery of a controlled substance, namely, methamphetamine, in an amount of one gram or more, but less than four grams. (Clerk R. at 3). The indictment included an enhancement paragraph for a 1989 conviction for possession of a controlled substance. (Clerk R. at 3). Ewing pleaded guilty to the offense and true to the enhancement paragraph, and elected to have a jury assess his punishment. (Clerk R. at 43, 44, 58). A jury assessed a punishment of seventy-five years confinement and a $5,000 fine, and the state court entered its judgment on October 21, 2003. (Clerk R. at 57, 58-59). The judgment was affirmed on direct appeal. *Ewing v. State*, No. 11-03-00375-CR (Tex. App.—Eastland Jan. 31, 2005, pet. ref'd).

Ewing has filed two state applications for writ of habeas corpus. The Texas Court of Criminal Appeals dismissed the first application. *Ex parte Ewing*, No. WR-62,767-01 at cover (Tex. Crim. App. Oct. 19, 2005). The Texas Court of Criminal Appeals denied the second application on May 24, 2006, without written order based on the findings of the trial court without a hearing. *Ex parte Ewing*, No. WR-62,767-02 at cover (Tex. Crim. App. May 24, 2006). Ewing filed his federal petition for writ of habeas corpus on September 27, 2006.[1] Respondent has answered the petition, and Ewing has also submitted a reply brief.

D.      ISSUES

Ewing alleges the following grounds for relief:

1.      the indictment was invalid, leaving the trial court without jurisdiction;

---

[1] A federal petition is deemed filed on the date the petitioner executed his petition and presumably deposited it in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998).

2.      the indictment included an illegal enhancement paragraph;

3.      the sentence exceeds the statutory range of punishment; and

4.      trial counsel rendered constitutionally ineffective assistance.

E.      RULE 5 STATEMENT

Respondent agrees that Petitioner has sufficiently exhausted available state remedies on the

issues presented.

F.      LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

The standards codified in 28 U.S.C. § 2254 guide our review of a petition for writ of habeas

corpus filed by a state prisoner:

> (d)      An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See also Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481

(1997).   Relief is authorized if a state court arrives at a conclusion opposite to that reached by the

Supreme Court on a question of law or if the state court decides a case differently than the Supreme

Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct.

1495, 1523, 1518, 146 L.Ed.2d 389 (2000).  Relief is also available if the state court identifies the

correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or

reaches a decision based on an unreasonable factual determination.  *See* 28 U.S.C. §2254(d)(1)-(2);

*Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Mere disagreement with the state court is not enough: The standard is one of objective reasonableness. *Montoya*, 226 F.3d at 404. In addition, state court determinations of underlying factual issues are presumed correct, and the petitioner has the burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. §2254(e)(1).

G.     DISCUSSION

1.     Invalid Indictment

Ewing asserts that the indictment was invalid and deprived the state court of jurisdiction because it was amended without being returned to the grand jury. The indictment was amended in to reflect that the charged offense occurred in 2002, not 2003 as originally noted in the indictment. (Clerk R. at 6). The change was made in open court, and neither Ewing nor his counsel objected. (*See* State Habeas R., Post Conviction Habeas Corpus Order, ¶6).[2] Texas law authorizes amending the indictment without additional grand jury proceedings. TEX. CODE CRIM. PROC. ANN. art. 28.10 (Vernon 2006). *See also* Tex. Const. art V, §12(b) (providing that presentment of indictment or information invests the court with jurisdiction of the cause).

Ewing fails to allege a violation of federal law. The sufficiency of a state indictment is appropriate for federal habeas relief only when the indictment is so deficient that the convicting court was without jurisdiction. *Riley v. Cockrell*, 339 F.3d 308, 313-314 (5th Cir. 2003); *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir. 1994). State law dictates whether a state indictment is sufficient to confer a court with jurisdiction, and where the state courts have held that an indictment

---

[2]  Because the state habeas record is not paginated, the court will refer to orders and other documents within the state habeas record by their titles.

is sufficient under state law, a federal court need not address that issue. *McKay v. Collins,* 12 F.3d 66, 68-69 (5th Cir. 1994); *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir.1993). In Ewing's case, the state trial court found that it had maintained jurisdiction over Ewing's case at all times, and the Texas Court of Criminal Appeals denied relief based on the written findings of the trial court. Accordingly, no further attention need be given to Ewing's complaint. *See McKay*, 12 F.3d at 68 (noting that federal review is precluded when state court has necessarily, even if not expressly, held that the court has jurisdiction and that the indictment is sufficient for that purpose).

2.      Enhancement by Previous Convictions

Ewing complains that the enhancement paragraph in the indictment was improper because his previous convictions were too remote and have "expired" under Texas law. He also contends that using previous convictions to enhance punishment violates the Double Jeopardy Clause. The state court found no legal impediments existed to preclude the use of Ewing's prior conviction for enhancement purposes. (*See* State Habeas R., Post Conviction Habeas Corpus Order, ¶¶11, 14(c)).

Ewing's allegations that the state courts have misapplied state law and improperly enhanced his sentence do not present a basis for federal habeas relief. A state's interpretation of its own rules or statutes does not raise a federal constitutional issue. *Wainwright v. Goode*, 464 U.S. 78 (1983); *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975)(per curiam). *See generally* 28 U.S.C. § 2254.

Moreover, Ewing's argument fails on its merits. He appears to rely on the ten-year limitation the Texas Rules of Evidence impose for use of prior convictions to impeach a witness, but the prior

convictions were used for enhancement purposes, not to impeach Ewing. *See generally* TEX. R. EVID.609. Texas does not have a rule of remoteness limiting the use of a prior conviction for enhancement purposes. *Hicks v. State*, 545 S.W.2d 805 (Tex. Crim. App. 1977); *Loud v. State*, 499 S.W.2d 295, 298 (Tex. Crim. App. 1973). Ewing also fails to direct the court's attention to any federal constitutional prohibition against the use of convictions of a certain age for enhancement purposes. *Cf. United States v. Parker*, No. 06-60244, 2007 WL 2998710, at *5-6 (5th Cir. Oct. 16, 2007)(finding no support for complaint that use of convictions from 1980 and 1986 to impose life sentence statutorily required for habitual offender violated Eighth Amendment).

Ewing's double jeopardy claim also fails. The Supreme Court has repeatedly upheld enhancement statutes against contentions that the statutes violate constitutional protections or prohibitions dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, and equal protection. *Spencer v. Texas*, 385 U.S. 554, 560, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). Although the Double Jeopardy Clause prohibits successive prosecutions and multiple criminal punishments for the same offense, an enhanced sentence imposed on a persistent offender generally is not viewed as either a new jeopardy or additional penalty for the earlier crimes, but as a stiffer penalty for the latest crime. U.S. CONST. amend. V; *Monge v. California*, 524 U.S. 721, 727-28, 118 S.Ct. 2246, 2250, 141 L.Ed.2d 615 (1998). *United States v. Watts*, 519 U.S. 148, 154, 117 S.Ct. 633, 136 L.Ed. 554 (1997)(per curiam). Using Ewing's previous conviction for enhancement purposes was not a double jeopardy violation.

Ewing has not shown that the state court's rejection of his complaints about the enhancement paragraph is contrary to or an unreasonable application of clearly established federal law or an otherwise unreasonable determination of the facts as presented in the state court proceedings.

3.     Excessive Punishment

Ewing asserts that his seventy-five year sentence is illegal and disproportionate to the offense because the appropriate range of punishment was two to twenty years' confinement. For Eighth Amendment purposes, a standard of gross disproportionality is applicable to sentences for terms of years. *See Lockyer v. Andrade*, 538 U.S. 63, 72, 123 S.Ct. 1166, 1173, 155 L.Ed.2d 144 (2003). Although the gross-disproportionality standard is clearly established, the Supreme Court recognizes that its precise contours are not clear and the principle applies only to "exceedingly rare" and "extreme" cases. *Id*. at 73, 123 S.Ct. at 1173.

Ewing cites the statutory range of punishment for a second-degree felony to support his argument that the state courts acted in violation of the appropriate sentencing guidelines. Delivery of the controlled substance methamphetamine in an amount of one gram or more, but less than four grams is classified as a second-degree felony under Texas law. TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (Vernon 2003). Ewing's status as a repeat offender, however, resulted in an enhancement of punishment and increased the range of punishment available under Texas law to that of a first-degree felony.[3] *See* TEX. PENAL CODE ANN. § 12.42(b) (Vernon 2003). Ewing's sentence is within the prescribed range of punishment for a first-degree felony. *See id*. §12.32 (prescribing available range of punishment for first-degree felonies).

---

[3] Ewing notes that he was previously indicted (Cause No. 12,156) for the same offense and that this first indictment did not include an enhancement paragraph. With respect to this first indictment, Ewing offered to work with the local narcotics task force and had his attorney convey this offer to the State. The State had agreed that an offer of probation would be made to Ewing if he followed through on his offer to work with the task force. (*See* State Habeas R., Counsel's Am. Aff. in Resp. at 2-3). After Ewing did not fulfill his end of the bargain, the State dismissed the first indictment and re-indicted him in Cause No. 12,227. (*See* State Habeas R., Post Conviction Habeas Corpus Order, ¶5). The second indictment included the enhancement paragraph.

Federal courts should be reluctant to review legislatively mandated terms of imprisonment. *See Hutto v. Davis*, 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (per curiam). A review of Ewing's offense, including his criminal history, as compared to the sentence imposed does not establish Ewing's situation as one of those exceedingly rare or extreme cases that might warrant a finding of a grossly disproportionate sentence in violation of the Eighth Amendment. *Cf. Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (980)(holding mandatory life sentence imposed under Texas recidivist statute following defendant's third felony conviction for obtaining $120.75 by false pretenses did not constitute cruel and unusual punishment). Ewing's claim does not warrant habeas relief.

4.     Ineffective Assistance of Counsel

Ewing contends that he received constitutionally deficient representation because counsel conducted an inadequate investigation and advised him to plead guilty despite his criminal history, which enhanced the range of punishment available. Ewing's attorney, Michael Burns, disputed these accusations in an affidavit submitted in the state habeas proceedings, and the state court agreed that Ewing was not denied the effective assistance of counsel.

The two-pronged standard by which a claim of ineffective assistance of counsel is measured is set forth in *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984), and applies to guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed. 203 (1985). The first prong of *Strickland* requires the defendant to show that counsel's performance was deficient in that the errors made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. The second prong requires the defendant to show prejudice by demonstrating that there is a reasonable

probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. at 694, 104 S.Ct. at 2068. A reasonable probability is defined as a probability sufficient to undermine confidence in the outcome. *Id*. at 694, 104 S.Ct. at 2068. A defendant who pleads guilty can satisfy the prejudice prong of *Strickland* only by alleging that, but for counsel's errors, he would have pleaded not guilty and insisted on going to trial. *Hill*, 474 U.S. at 59, 106 S.Ct. at 370, 88 L.Ed.2d 203. The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069, 80 L.Ed.2d 674.

Claims of ineffective assistance are mixed questions of law and fact. *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070. Because the state court rejected Ewing's complaints about his trial counsel, the federal court cannot grant habeas relief unless the state court's decision involves an unreasonable application of the law to the facts. 28 U.S.C. § 2254(d)(1).

Ewing complains that his attorney was ineffective in his investigation and in advising Ewing to plead guilty. A defendant waives all non-jurisdictional defects in the proceedings when he enters a plea of guilty. *Barrientos v. United States,* 668 F.2d 838, 842 (5th Cir. 1982). The waiver extends to claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *Bradbury v. Wainwright,* 658 F.2d 1083, 1087 (5th Cir. 1981), *cert. denied*, 456 U.S. 992, 102 S.Ct. 2275, 73 L.Ed.2d 1288 (1982). Ewing's complaints about counsel's investigation and failure to develop or advance certain defensive theories do not relate to the voluntary or knowing nature of his plea, and therefore, are waived. Nor would these complaints be successful even if no waiver applied. Counsel has a duty to make reasonable investigations or make a reasonable decision that makes a particular investigation unnecessary, *Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066, but

conclusory allegations do not suffice to establish a Sixth Amendment violation.  *Alexander v. McCotter*, 775 F.2d 595, 602-03 (5th Cir. 1985).  Ewing has provided no support for his complaints of a deficient investigation.  Moreover, the state court record does not indicate that counsel conducted an inadequate investigation of either the facts or the law relevant to Ewing's case.  Burns's undisputed affidavit confirms that he familiarized himself with the case and the evidence against his client, which Burns described as "substantial" and apparently included an audiotape of the drug transaction.  (*See* State Habeas R., Counsel's Am. Aff. in Resp. at 2).

Ewing also contends that Burns's performance fell below the range of competence demanded of an attorney in a criminal case because Burns did not advise him of the effect his prior convictions would have on his possible sentence.  (Traverse at 6).  The duty of an attorney to a defendant who desires to enter a plea of guilty is to ascertain that the plea is voluntarily and knowingly made.  *United States v. Diaz,* 733 F.2d 371, 374 (5th Cir. 1984); *Moya v. Estelle,* 696 F.2d 329, 332 (5th Cir. 1983).  Ewing asserts he would never had pleaded guilty if properly advised, but both Burns's affidavit and the trial record confirm that Ewing was informed of the range of punishment he faced and the impact his previous convictions could have on the outcome of any trial.  (*See* State Habeas R., Counsel's Am. Aff. in Resp. at 4-5; Clerk R. at 47; 2 Rep. R. at 10).

Ewing has not established that Burns was deficient with respect to his legal representation during the plea proceedings or otherwise provided ineffective assistance during the pretrial and trial proceedings.  Habeas relief is not appropriate because Ewing has not demonstrated that the state court rejection of his claim of ineffective assistance of  counsel resulted from an unreasonable factual determination or reflects a decision that is contrary to, or involves an unreasonable

application of, clearly established federal law, as determined by the Supreme Court of the United States.

H.      EVIDENTIARY HEARING

Ewing complains that the state courts did not hold an evidentiary hearing to discover the operative facts upon which to deny his application for collateral relief,[4] and requests a hearing in federal court.  If a petitioner fails to develop a factual basis for a claim in state court, a federal habeas court shall not conduct an evidentiary hearing on the claim unless the claim relies on a new (and retroactive) rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence and the facts would be sufficient to establish by clear and convincing evidence the petitioner's entitlement to relief.  *See generally* 28 U.S.C. § 2254(e)(2).

For purposes of Section 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel.  *Williams v. Taylor*, 529 U.S. 420, 120 S.Ct. 1479, 1488, 146 L.Ed.2d 435 (2000).  Ewing argues, but has not demonstrated, that he was diligent in pursuing the development of his claims in the state courts.  *See Dowthitt v. Johnson*, 230 F.3d 733, 758 (5th Cir. 2000)(finding that mere request for state court evidentiary hearing is not enough to show diligence).  In addition, Ewing has not pointed to any new rules of constitutional law in support of his claim and has not identified

---

[4]  To the extent Ewing is arguing that the federal courts should not apply the deferential standard of review provided for in § 2254, the absence of a live evidentiary hearing in state court does not preclude this court from deferring to the state court's factual findings.  *See Valdez v. Cockrell*, 274 F.3d 941, 949 (5th Cir.2001).  Ewing does not rely on or produce clear and convincing evidence to rebut the presumption of correctness that is otherwise afforded to the state court's findings under the AEDPA.  *See generally* 28 U.S.C. § 2254(e)(1).

any specific factual dispute whose favorable outcome in the event of a hearing would entitle him to relief. Ewing has not satisfied the statutory requirements that would justify an evidentiary hearing.

RECOMMENDATION

Ewing's petition for writ of habeas corpus should be denied. Ewing's request for an evidentiary hearing should also be denied.

NOTICE OF RIGHT TO OBJECT TO PROPOSED<br>FINDINGS, CONCLUSIONS AND RECOMMENDATION<br>AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until November 8, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until November 8, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED OCTOBER 18, 2007.


_____/s/   Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE